Dear Mr. Riley,
You have requested an opinion of the Attorney General regarding the Louisiana Legislative Auditor's ("Auditor") interpretation of La.R.S. 24:523 and more specifically whether the definition of "public funds" in this statute applies to money seized in connection with criminal investigations that is stored in the City of New Orleans Police Department ("NOPD") evidence and property rooms pending disposition of the related criminal charges and/or forfeiture proceedings. This request arises from a report of the Auditor on this matter dated June 19, 2009.
In his report, the Auditor points out that money stored in a NOPD evidence room is entrusted to the city, and the city has a fiduciary duty to safeguard the assets in question. The report referred to numerous instances in which NOPD management was informed about such seized funds missing from the NOPD evidence room.
In his report, the Auditor further alleges that since the NOPD is entrusted with these funds,"[it] may have failed to comply with La.R.S. 24:523."
La.R.S. 24:523(A) states as follows:
 [a]n agency head of an auditee who has actual knowledge of any misappropriation of the public funds or assets of his agency shall immediately notify, in writing, the legislative auditor and the district *Page 2 
attorney of the parish in which the agency is domiciled of such misappropriation.
This law unquestionably requires any misappropriation of "public funds or assets" of an agency to be reported to the legislative auditor and the parish district attorney. The issue in your request revolves primarily around the definition of the phrase "public funds or assets" in La.R.S. 24:523(A). In defining this term, it is important to note that Louisiana law provides that "words of a law must be given their generally prevailing meaning."[1] The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.[2]
Since the Legislature has offered no definition of the phrase "public funds or assets" with regard to La.R.S. 24:523, the next step is to consider other sources. The Legislature, in several other statutes unrelated to La.R.S. 24:523, has defined "public funds" as "any funds obtained from legislative appropriation or any form of state or local taxation."[3] In addition to these other laws, the Louisiana Supreme Court General Administrative Rules, Part G, § 1 (a) (ii) similarly asserts that the phrase "`public funds' means legislatively appropriated funds, judicial expense funds, self-generated funds, funds of federal, state, local, parish or municipal governments, and any other sources of public funds." Black's Law Dictionary (8th ed. 2004) defines "public funds" as "[t]he revenue or money of a governmental body" or "[t]he securities of a state or national government." Thus, it is clear that the "generally prevailing meaning" of "public funds" does not include seized funds in the possession of a governmental entity until such time that a court orders such funds forfeited in whole or in part to public agencies pursuant to Louisiana law on the subject.
In interpreting the legislative intent of La.R.S. 24:523, there is no reason to believe that the Legislature and Supreme Court would deviate from the definitions of "public funds" already set forth. Therefore, because both definitions generally state that "public funds" are those that are either obtained from legislative appropriation or any state or local taxation, or involve judicial expense funds, self-generated funds, funds of federal, state, local, parish or municipal governments, and any other sources of public funds, it logically follows that funds seized for evidentiary purposes do not fit within these definitions. It is therefore the opinion of this Office that seized funds stored in evidence and property rooms do not fall under the definition of "public funds or assets" in La.R.S. 24:523. *Page 3 
Nonetheless, it should be noted that because the misappropriation of money seized as evidence may affect ongoing criminal proceedings, the NOPD should notify the Orleans Parish District Attorney's Office so that it may proceed accordingly. Further, we believe that the misappropriation should be treated as any other possible crime and should be investigated as such. We also note that pursuant to authorizing legislation, the City of New Orleans has created an Inspector Generals' Office and, within that office, an Independent Police Monitor Division, which has the authority to review investigations of alleged police misconduct pursuant to Section 9-401 of the Code of Ordinances for the City of New Orleans. We believe it would be appropriate for you to notify the Independent Police Monitor Division of the City of New Orleans' Inspector General's Office of any such misappropriation of evidence.
Furthermore, while seized funds stored in evidence and property rooms do not fall under La.R.S. 24:523, the Auditor still maintains jurisdiction over any procedures of, or actions conducted in, the NOPD evidence and property rooms. La.R.S. 24:513(A)(1)(a) sets forth the basic authority of the Auditor and states as follows:
 the legislative auditor shall have authority to compile financial statements and to examine, audit, or review the books and accounts of the state treasurer, all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, public retirement systems enumerated in R.S. 11:173(A), municipalities, and all other public or quasi public agencies or bodies, hereinafter collectively referred to as the "auditee."
 *** The scope of the examinations may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs or any combination of the foregoing.
Thus, while the NOPD evidence and property rooms may only hold seized funds and other evidence or property seized in connection with criminal investigations and prosecutions and not "public funds" belonging to the NOPD, the Auditor still retains the authority to examine, audit, or review the books of the NOPD because it is a department of the City of New Orleans, which is a political subdivision of the State of Louisiana. The scope of the examinations may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs. Since this broad authority includes the ability to examine, audit, or review the financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs or any combination of the foregoing, it follows that the Auditor may exercise this authority over any procedures of, or actions *Page 4 
conducted in, any NOPD evidence and property rooms and make necessary and appropriate findings related thereto.
It is therefore the opinion of this Office that the seized funds stored in New Orleans Police Department evidence and property rooms do not fall under the definition of "public funds or assets" provided in La.R.S. 24:523, and thus the misappropriation of such is not subject to the additional reporting requirements contained in that statute. Pursuant to La.R.S. 24:513, the Legislative Auditor nevertheless retains the authority to examine, audit, or review the books of the NOPD, because the NOPD is a department of the City of New Orleans, which is a political subdivision of the State of Louisiana. Further, we are of the opinion that such misappropriations of funds under seizure should, at a minimum, be investigated by your office for possible criminal charges. We further are of the opinion that such a misappropriation of cash seized as evidence should be reported to the Orleans Parish District Attorney's office, because the misappropriation may affect ongoing criminal proceedings. Any such misappropriation should also be reported to the Independent Police Monitor Division of the New Orleans Inspector General's Office, which has the authority to monitor the operations of your Department under Section 9-401 of the Code of Ordinances for the City of New Orleans.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
[1] La.C.C. art. 11.
[2] La.C.C. art. 9; Locket v. State, Dept. of Trans. andDev., 2003-1767 (La. 2/25/04) 869 So.2d 87.
[3] La.R.S. 34:3102(10); La.R.S. 34:3472 (9); La.R.S. 34:3492(9).